IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| COURTNEY B. MATHEWS ) | |
| ) | |
| v. ) | NO. 1:24-cv-00058 |
| ) | Trauger/Holmes |
| FRANK STRATA *et al.* ) | |

**TO:** Honorable Aleta A. Trauger United States District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 24, 2025 (Docket Entry No. 17), the Court referred this *pro se* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Courtney B. Mathews ("Plaintiff") is an inmate in the custody of the Tennessee Department of Correction ("TDOC") confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. Acting *pro se*, he filed this lawsuit seeking relief under 42 U.S.C. § 1983 based on allegations that prison officials at the SCCF violated his federal constitutional rights. He further alleges other violations of state and federal law. *See* Amended Complaint (Docket Entry No. 15).

Upon initial review of the lawsuit under the Prison Litigation Reform Act, 28 U.S.C. § 1915A, the Court permitted the lawsuit to proceed against eight Defendants based only on Plaintiff's claim that his First Amendment rights were being violated by the mail policy and mail restrictions in place at the SCCF. *See* Orders entered April 14, 2025 (Docket Entry No. 12), and June 24, 2025 (Docket Entry No. 17). On June 24, 2025, the Clerk issued summonses to Plaintiff

for service on Defendants. *See* Docket Entry No. 18. Because Plaintiff paid the filing fee, he was advised by the Court of his responsibility to ensure that each Defendant is served with a summons and a copy of the amended complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* June 24, 2025, Order at 2. The docket does not reflect either proof of service upon any Defendant or that any Defendant has appeared in this case.

Rule 4(c)(1) of the Federal Rules of Civil Procedure states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than 90 days have passed since summonses were issued for Defendants but there is no indication that they have been served with process in accordance with Rule 4. Because the time frame permitted under Rule 4(m) for obtaining service of process upon Defendants has lapsed, the plain language of Rule 4(m) requires that the case be dismissed without prejudice. Although Plaintiff is proceeding *pro se,* he must still comply with the basic procedural rules that are applicable to all litigants, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("*pro se* parties must follow the same rules of procedure that govern other litigants"), and, as the party bringing this lawsuit, he specifically "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F.App'x 285, 287 (6th Cir. 2001). He has not met this burden, and dismissal of the action is warranted under Rule 4(m). *See Walker v.*

*Donahoe*, 528 F.App'x 439, 440-41 (6th Cir. 2013) (affirming the district court's decision to dismiss case because the plaintiff failed to timely perfect service).

R E C O M M E N D A T I O N[1]

For the reasons set out above, the Court respectfully **RECOMMENDS** that this action be **DISMISSED without prejudice** under Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

**Signed By:**
***J. Gregory Wehrman***
**United States Magistrate Judge**

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action under Rule 4(m) because of the lack of timely service, and the fourteen day period for filing objections provides him with the opportunity to show good cause for why dismissal is not warranted.